A. DUBOIS & SON, INC., Landlord, Respondent, *v.* GOLDSMITH BROS., Tenant, Appellant.

Supreme Court, Appellate Term, First Department, November 6, 1947.

*Alexander Pfeiffer* and *Clarence S. Barasch* for appellant.

*Jerome L. Greene* for respondent.

EDER, J. On January 10, 1944, a written lease was entered into between Charles F. Noyes and the tenant for the commercial space in concern for a term of five years, commencing May 1, 1944, and terminating April 30, 1949. This lease contains a clause giving either party the option to terminate, and reads as follows: " 39. Either the landlord or tenant may terminate this lease on April 30th, 1946, or the last day of any month thereafter, by giving the other not less than 120 days advance notice in writing of intention to avail of this privilege."

By letter dated May 28, 1946, Noyes gave the following notice to the tenant:

" Gentlemen:

Please take notice that I hereby elect pursuant to paragraph 39th of the lease dated January 10, 1944, between myself as

landlord and yourself as tenant for the leasing of the captioned premises to terminate said lease, effective as of September 1, 1946, and that you will be required to deliver possession of the premises on that date.''

On or about August 15, 1946, the premises were conveyed by Noyes to Wilson Equities, Inc., which, in turn, conveyed the premises to the landlord-respondent, on February 28, 1947.

This summary proceeding was instituted by the landlord herein as the owner in fee of the premises, alleging that possession was sought for the landlord's immediate use in carrying on its business.

Upon the trial the tenant moved to dismiss the petition upon divers grounds, which are also urged upon appeal, but I shall consider only two of them for the purpose of the disposition of the appeal. The trial court reserved decision on the motions to dismiss; its ultimate decision awarded a final order in favor of the landlord awarding it possession of the premises '' by reason of the expiration of the tenant's term.''

Tenant contends that the notice of May 28, 1946, was invalid in that it failed to comply with the provisions of clause 39 of the lease because 120 days' advance notice was not given and that the lease was not terminated on the last day of the month, but on the first day, and that accordingly the notice was ineffective and that there is an existing lease between the parties and tenant-appellant is not a holdover. Further, that the landlord has not qualified under the provisions of subdivision (d) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1946, ch. 272), as an owner authorized to maintain this proceeding.

I am of opinion that both contentions are meritorious.

Clause 39 of the lease is clear and unambiguous. It distinctly provides that not less than 120 days' advance notice must be given and must terminate the lease on the *last* day of any month following April 30, 1946. The notice of May 28, 1946, patently fails to comply with this provision of the lease; it terminates the lease '' effective as of September *1,* 1946 '' (the first day of the month) some 95 days after the notice was given.

Landlord seeks to meet this contention by the statement that in fixing the termination date as September 1, 1946, it was '' due to a stenographic error or an error in calculation '' but that the intent and purport of the notice is clear — that the last day of the month was intended since the notice refers to clause 39 of the lease.

I am unpersuaded by this argument. It calls for a technical construction and revision while professing to construe (*Graf* v. *Hope Building Corp.*, 254 N. Y. 1). The fact is that 120 days' advance notice was not given and that the lease was not terminated on the last day of the month. " When it is sought to dissolve an estate, by technical construction, the court should proceed with requisite caution and hesitation; the law favors the continuance of a grant, rather than its extinction." (*57th Street Luce Corp.* v. *General Motors Corp.*, 182 Misc. 164, 168, affd. 267 App. Div. 978, affd. 293 N. Y. 717.)

The notice was not given in accordance with the lease and therefore did not serve to cancel the unexpired term thereof; it is ineffective and the lease is still subsisting and the tenant is not a holdover and may not be evicted as such.

As to the tenant's contention that the landlord is not authorized to maintain this proceeding and does not qualify under said subdivision (d) of section 8, I think this is clearly so.

Section 8 declares that no tenant shall be removed from any commercial space, notwithstanding that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which is inconsistent with any of the provisions of the act, unless: " (d) * * * possession is sought by a person who acquires title to the building or other rental area subsequent to January twenty-fourth, nineteen hundred forty-five, and who likewise seeks in good faith to recover possession of the commercial space for his immediate and personal use; * * * and provided, further, that nothing in this subdivision contained shall authorize the dispossession of a tenant during the term of his lease by such landlord or such person *unless by the terms of the lease the privilege is reserved to terminate the lease upon sale of the building or other rental area * * *.*" (Italics supplied.)

In the instant case the lease does not give the landlord the privilege of terminating the lease upon the sale of the premises; the only option to terminate is contained in clause 39 of the lease and it does not mention the exercise of the privilege to terminate " upon sale of the building or other rental area * * *."

It is my view that by this enactment it was the legislative intent to protect tenants from eviction in the event of a sale to a purchaser-user unless it was within the contemplation of the original parties that the lease should be terminated *upon such sale.* The mentioned lease does not evidence any such intention by the parties.

The landlord herein has not qualified under the aforesaid provision of the act and has no standing to maintain this summary proceeding based upon the afore-mentioned provision of the lease.

The final order should be reversed, with $30 costs, and the petition dismissed, with costs.